**NASHOBA COMMUNICATIONS LIMITED PARTNERSHIP NO. 7, d/b/a Nashoba Cable Services, Plaintiff,**

v.

**TOWN OF DANVERS, et al., Defendants.**

**Civ. A. No. 88–1743–C.**

United States District Court, D. Massachusetts.

March 24, 1989.

---

Gene K. Landy, Jarvis P. Kellogg, Widett, Slater & Goldman, P.C., Boston, Mass., R. Stephen Barry, Fleichman & Walsh, P.C., Washington, D.C., for plaintiff.

Paul L. Kenny, David J. Doneski, Francis P. McHugh, Danvers, Mass., for defendants.

## MEMORANDUM

CAFFREY, Senior District Judge.

Two motions are currently before the Court: the plaintiff's motion to amend our December 30, 1988 Memorandum and Order, 703 F.Supp. 161, and the defendants' Motion for Reconsideration of the same. For the reasons outlined below, the plaintiff's motion should be granted and the defendants' denied.

### 1. *The Motion to Amend*

Buried in the mountain of documents filed in this case is the fact that the plaintiff did implement its proposed rate increase on August 1, 1988. This fact was neither brought out at oral argument nor was it included within the discussion of the remedies sought by either party. Our December 30, 1988 Memorandum and Order fashioned relief for the plaintiff based on the Court's understanding that the rate increase had not yet taken effect. The fact that it had constitutes an error "arising from oversight or omission [that] may be corrected by the court at any time" pursuant to Rule 60(a) of the Federal Rules of Civil Procedure.

Correcting the record has no impact on the substance of either party's claims. As we stated previously:

... Danvers' threatened rate regulation is prohibited by the Cable Communications Policy Act of 1984, and Nashoba has not violated the License Agreement in seeking to raise its rates as of August 1, 1988.

Memorandum at 10. As our earlier opinion made clear, under the Cable Communications Policy Act of 1984, the plaintiff was entitled to raise its rates, as it in fact did.

Correcting the record merely affects the remedy ordered, but not the underlying rights of the parties or the existence of a case or controversy, as defendants argue. As we explained in our December 30, 1988 Memorandum, we found that under the test of "realistic danger to the plaintiff," *McCollester v. City of Keene*, 668 F.2d 617, 618–19 n. 4 (1st Cir.1982), the July 1, 1988 letter to Nashoba from Danvers Town Counsel "threatened real and immediate injury." Memorandum at 3. The fact that the proposed rate increase had taken effect does not change this finding in any way.

The record will be corrected accordingly.

### 2. *The Motion for Reconsideration*

The defendants seek reconsideration based on two grounds: (1) the factual error concerning Nashoba's rate increase, and (2) the existence of a genuine issue of material fact. As the discussion above demonstrates, the factual error did not affect the substantive rights of the parties. It provides, therefore, no basis for reconsideration.

On the question of the existence of a genuine issue of material fact, defendants belatedly argue that there is an issue concerning whether the cable system was in fact "completed" by July 1986, thus permitting Nashoba to raise its rates two years later, as provided in the License Agreement.

First, a brief review of the summary judgment standard is in order. As the text

of Rule 56 of the Federal Rules of Civil Procedure makes clear, summary judgment motions require a two-part analysis. First, there must be no genuine issue of material fact. Second, the moving party must be entitled to judgment as a matter of law. In determining whether there exists a genuine issue of material fact, subsection (e) provides that:

> [A]n adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, *must set forth specific facts* showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e) (emphasis added). Until they filed their Motion for Reconsideration, the defendants failed to set forth specific facts or any facts concerning whether the installation of the cable system was completed. Defendants make no claim that this is newly discovered evidence, nor do they explain why they failed to present this evidence earlier, as required by Rule 56(e). It is impossible for the Court to consider evidence that is not before it. This belated argument thus provides no basis for reconsideration.

More importantly, however, defendants have failed to navigate the second hurdle they face in requesting reconsideration, and that is whether Nashoba is entitled to judgment as a matter of law. As we stated in our earlier Memorandum, "[t]he Danvers rate freeze is precisely the sort of rate regulation the Act prohibits." Memorandum at 7. Under the Cable Communications Policy Act of 1984, we explained,

> After December 29, 1986, only cable systems *not* subject to effective competition may be regulated by the franchising authority ... Nashoba is subject to effective competition under the statute. Danvers cannot regulate Nashoba's rates.

As a matter of law, therefore, Nashoba is entitled to summary judgment on this claim for the reasons stated in our December 30 Memorandum.

### 3. *Final Judgment*

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, we find no just reason for delay and direct entry of final judgment in this matter.

So Ordered.

## ORDER

In accordance with Memorandum filed this date, it is ORDERED:

1. The plaintiff's motion to amend the December 30, 1988 Memorandum and Order is granted, to wit:

   a. Striking all references to prospective relief concerning the August 1, 1988 rate increase and permitting the rate increase that took effect on that day to stand;

2. The defendants' Motion for Reconsideration is denied; and

3. Final judgment will be entered in this matter pursuant to Fed.R.Civ.P. 54(b).